# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGI RUSHANYAN, BOP #45875-048,<br><br>                              Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>                              Defendant. | Civil No.   13cv0531 JAH (JMA)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* (ECF Doc. No. 3)**<br><br>**AND**<br><br>**(3) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO FED.R.CIV.P. 12(c)(3) and 4(c)(3) AND 28 U.S.C. § 1915(d)** |

Georgi Rushanyan ("Plaintiff"), a federal prisoner currently incarcerated at McRae Correctional Institution in McRae, Georgia, has submitted a "Complaint for Damages" against the United States seeking the return of property seized pursuant to his arrest in *U.S.A. v. Rushanyan,* S.D. Cal. Criminal Case No. 11-cr-01392-DMS-1.  *See* Compl. at 1-2; *citing* 18 U.S.C. § 983(e)(1) (governing civil forfeiture proceedings and providing that "[a]ny person entitled to written notice in any nonjudicial civil forfeiture proceeding under a civil forfeiture statute who does not receive such notice may file a motion to set aside a declaration of forfeiture with respect to that person's interest in the property.").

Essentially, Plaintiff has filed a motion for return of property that would normally be governed by FED.R.CRIM.P. 41(g); however, the Clerk has opened a civil action in response to Plaintiff's Complaint pursuant to Ninth Circuit law which requires a motion for return of property to be construed as a civil action seeking equitable relief, governed by the Federal Rules of Civil Procedure, whenever the underlying criminal case is no longer pending.[1] *See United States v. Ritchie*, 342 F.3d 903, 906 (9th Cir. 2003) ("If a Rule 41[g] motion is filed when no criminal proceeding is pending, the motion is treated as a civil complaint seeking equitable relief."); *United States v. Ibrahim*, 522 F.3d 1003, 1007 (9th Cir. 2008) (finding that when no criminal case is pending, a Rule 41(g) motion is governed by the Federal Rules of Civil Procedure.").

Because all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee, *see* 28 U.S.C. § 1914(a),[2] and Plaintiff failed to pay the fee at the time of filing, the Court dismissed his action without prejudice on September 27, 2013, but granted him leave to either pay the fee or file a Motion to Proceed *In Forma Pauperis* (IFP) pursuant to 28 U.S.C. § 1915(a) (ECF Doc. No. 2).

Plaintiff has elected to file a Motion to Proceed IFP (ECF Doc. No. 3), to which the Court now turns.[3]

---

[1] Plaintiff alleges he attempted to file his motion in *United States v. Rushanyan*, S.D. Cal. Crim. Case No. 11-cr-01392-DMS-1, but it was rejected. *See* Compl. at 2. The Court takes judicial of the docket in that case, and has confirmed that at the time he attempted to file his motion on November 27, 2012, Plaintiff's criminal trial proceedings had already been terminated. *Id*. (ECF Doc. No. 62); *see Bias v. Monihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).

[2] In addition to the $350 statutory fee, all parties filing civil actions *on or after May 1, 2013*, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

[3] Plaintiff apparently attempted to serve the United States with his Complaint before he filed his IFP motion, but the United States filed a Motion to Dismiss for lack of proper service pursuant to FED.R.CIV.P. 4(i) and (m) (ECF Doc. No. 4). The Court entered an Order striking Defendants' Motion without prejudice as premature on Jan. 13, 2014, however, in light of

# I.

## MOTION TO PROCEED IFP

A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP Motion, Plaintiff has submitted a prison certificate issued by an accounting clerk at McRae Correctional Institution as required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account certificate verifying his account history and available balances. Plaintiff's certificate indicates he has average monthly deposits of $200.43, an average monthly balance of $78.01, and an available balance of $13.86 in his trust account at the time of filing. Based on this information, the Court GRANTS Plaintiff's

Plaintiff's pending Motion to Proceed IFP (ECF Doc. No. 5).

Motion to Proceed IFP (ECF Doc. No. 3) and assesses an initial partial filing fee of $40.08 pursuant to 28 U.S.C. § 1915(b)(1).

However, the Warden of McRrae Correctional Institution, or his designee, shall collect this initial fee only if sufficient funds in Plaintiff's account are available at the time this Order is executed pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance of the $350 total owed in this case shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.

### SUA SPONTE SCREENING PER 28 U.S.C. § 1915(e)(2) & § 1915A(b)

Notwithstanding IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." See 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions of the PLRA, the Court must sua sponte dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most

favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Thus, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not, in so doing, "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff alleges his personal property, "consisting of U.S. currency, clothes and jewelry, cell phones, and other miscellaneous items were unlawfully seized and forfeited" as a result of his arrest on April 28, 2011. *See* Compl. at 2, 3. Plaintiff further denies the seized property was contraband and claims he "did not receive proper notice" before his property was subject to forfeiture. *Id.* at 3. Based on these allegations, the Court finds Plaintiff's Complaint sufficient to survive the sua sponte screening required by 28 U.S.C. § 1915(e)(2) and § 1915A(b).[4] *See* Compl. at 2-3; *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993) (noting that if defendant seeks return of property after pleading guilty and being sentenced, there is a presumption he is entitled to its return); *but cf. Ladele v. United States*, 2010 WL 476957 at *3-6 (C.D. Cal. Feb. 10, 2010) (unpub.) (noting "uncertainties as to the procedure that should be employed to decide a Rule 41(g) motion" after *Ibrahim* and *Richie*.) Therefore, the Court shall order U.S. Marshal service on Plaintiff's behalf. *See Lopez*, 203 F.3d at 1126-27; 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all

---

[4] Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [the defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

duties in [IFP] cases."); FED.R.CIV.P. 4(c)(3) (providing that "service be effected by a United States marshal, deputy United States marshal, or other officer specially appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.").

### III.

### CONCLUSION AND ORDER

Good cause appearing, IT IS HEREBY ORDERED:

1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 3) is GRANTED.

2.  The Warden of McCrae Correctional Facility, or his designee, shall collect from Plaintiff's prison trust account the initial filing fee assessed in this Order, and shall forward the remainder of the $350 filing fee owed by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and shall forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.  The Clerk of the Court is directed to serve a copy of this Order on Warden, McRae Correctional Institution, P.O. Box 368, McRae, Georgia 31055.

IT IS FURTHER ORDERED that:

4.  The Clerk shall issue a summons upon Defendant, and forward it to Plaintiff along with blank U.S. Marshal Form 285s for the Defendant.[5] In addition, the Clerk shall provide Plaintiff with two copies of this Order, two copies of his Complaint and summons for purposes of serving the Defendant. Upon receipt of this "IFP Package," Plaintiff is directed to complete the USM Form 285s as completely and accurately as

---

[5] Because Plaintiff is suing the United States, he must serve both the United States Attorney for the Southern District of California, as well as the Attorney General of the United States at Washington, DC. *See* FED.R.CIV.P. 4(i)(1)(A), (B). The Clerk is hereby directed to include in Plaintiff's IFP package two separate copies of this Order, summons, and Plaintiff's Complaint, and two blank USM Form 285s for Plaintiff's use in serving the United States.

1 possible, and to return them to the United States Marshal according to the instructions
2 provided by the Clerk in the letter accompanying his IFP package. Thereafter, the U.S.
3 Marshal shall serve a copy of the Complaint and summons upon the United States as
4 directed by Plaintiff on the USM Form 285s.  All costs of service shall be advanced by
5 the United States.

6     5. Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's counsel, a copy of every further pleading or other document submitted for consideration of the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendant, or counsel for Defendant, and the date of service.  Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

DATED: April 22, 2014   _____
                            HON. JOHN A. HOUSTON
                            United States District Judge